IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HIFIECE R. SALTER | : | CIVIL ACTION |
| v. | : | |
| MARIROSA LAMAS, et al. | : | NO. 11-5834 |

REPORT AND RECOMMENDATION

JACOB P. HART                                                                                 DATE: February 21, 2012
UNITED STATES MAGISTRATE JUDGE

     This is a *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by an individual currently incarcerated at the Rockview State Correctional Institute at Bellefonte, Pennsylvania. For the reasons that follow, I recommend that the petition be dismissed as untimely.

I.    Factual and Procedural Background

     On January 10, 2001, following a bench trial in the Court of Common Pleas for Philadelphia County, Hifiece Salter was convicted of attempted murder, aggravated assault, indecent assault, and possession of an instrument of a crime. <u>Commonwealth v. Sanders</u>, CP 7-0712 (C.C. P. Phila.), Notes of Testimony, January 10, 2001, at 267. This conviction arose out of an assault in which Salter severely beat and mutilated an elderly homeless man, and then left what he believed was his dead body outside the house of a neighbor with whom he was angry, with the words "Don't F–k with Lugjurious" written around the body ("Lugjurious" was Salter's "singing" name). Salter was later sentenced to an aggregate term of fifteen to thirty years of imprisonment. C.C.P. Docket Entry for March 2, 2001.

At that time, Salter did not file a direct appeal. On October 12, 2001, however, he filed a petition for collateral relief under Pennsylvania's Post-Conviction Relief Act, ("PCRA"), 42 Pa. C.S. § 9541, *et seq*. As a result of this, his appellate rights were reinstated, and he filed a direct appeal.

In his direct appeal, Salter argued that the police lacked probable cause to arrest him or to obtain a warrant to search his residence, and that his conviction was supported by insufficient evidence. Commonwealth v. Salter, 850 A.2d 13 (Pa. Super. 2004) (table), opinion attached to Commonwealth's Response as Exhibit A. The Superior Court denied the appeal on March 31, 2004. Id. On December 29, 2004, the Pennsylvania Supreme Court declined review. Commonwealth v. Salter, 864 A.2d 1204 (Pa. 2004) (table).

On April 25, 2005, Salter filed a PCRA petition to which he attached an affidavit by the neighbor to whom he had delivered the "don't f–k with Lugjurious" message. Commonwealth v. Salter, 953 A.2d 838 (Pa. Super. 2008) (table), opinion attached to Commonwealth's Response as Exhibit B, at 6. This neighbor had given an inculpatory statement to the police, but in the affidavit, he recanted the contents of that statement. Id. Salter maintained that his counsel was constitutionally ineffective in failing to call the neighbor as a witness. The PCRA court dismissed the petition without a hearing. Id. at 5. The Superior Court affirmed the lower court. Id. On September 5, 2008, the Pennsylvania Supreme Court again denied review. Commonwealth v. Salter, 956 A.2d 434 (Pa. 2008) (table).

Salter filed a second PCRA petition on September 26, 2008, asserting "multiple claims of ineffectiveness of counsel." Commonwealth v. Salter, 26 A.3d 1174 (Pa. Super. 2011), opinion attached to Commonwealth's Response as Exhibit C, at 3. It was dismissed as untimely. Id.

The Superior Court affirmed the dismissal on March 1, 2011.  Id.  Salter did not seek review by the Pennsylvania Supreme Court.

The present petition for habeas corpus relief was filed on or after September 11, 2011.  In it, Salter maintains that his conviction was not supported by sufficient evidence; the conviction relied upon evidence obtained pursuant to an unlawful arrest and search of his residence; the courts wrongly failed to hold an evidentiary hearing on the PCRA petition concerning the recanting neighbor; and the courts in his second PCRA petition erred in finding the petition untimely.

II.     The Petition Must Be Dismissed As Untimely

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), with several exceptions which do not apply here, there is a one-year limitations period on applications for writs of habeas corpus by individuals in state custody.  28 U.S.C. § 2244(d)(1).  It begins to run from the date on which the petitioner's judgment becomes final by the conclusion of direct review, or at the expiration of the time for seeking review.  Id.

In this case, Salter's limitations began to run on March 29, 2005, when his period for seeking a writ of *certiorari* in the United States Supreme Court expired 90 days after the Pennsylvania Supreme Court denied review of his direct appeal.  Kapral v. United States, 166 F.3d 565, 575-6 (3d Cir. 1999).

Twenty-seven days later, Salter filed a timely PCRA petition.  Time during which a properly filed petition for collateral relief is pending must be excluded from the one-year period of limitation.  28 U.S.C. §2244(d)(2).  This petition remained pending until September 5, 2008, when the Pennsylvania Supreme Court denied review.  (The 90-day period for filing for

*certiorari* in the United States Supreme Court is not granted in the case of a petition for collateral relief; Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir. 2001)).

Thus, on September 5, 2008, Salter had one year minus 27 days (i.e., 338 days), within which to file a petition for habeas corpus relief. His statute of limitations for filing a habeas corpus petition therefore expired on August 9, 2009.

Salter's second PCRA petition did not toll the statute of limitations because it was untimely under state law. 42 Pa. C.S.A. § 9545(b); and " Commonwealth v. Salter, 26 A.3d 1174 (Pa. Super. 2011), supra, attached as Commonwealth's Exhibit C. Therefore, it was not "properly filed" under 28 U.S.C. §2244(d)(2).

August 9, 2009, then, was the latest day on which Salter could have filed a timely petition for habeas corpus relief. This petition was filed over two years later. It is clearly untimely.

It is true that the § 2244(d)(1) one-year time limitation is subject to equitable tolling "in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).[1] Nothing of this sort is apparent on the facts of this case, and Salter has not argued that he is entitled to equitable tolling.

**The petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.**

---

[1] Circumstances mentioned by the Court of Appeals for the Third Circuit in Jones as presenting proper cases for equitable tolling include where (1) the defendant has actively misled the petitioner; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; (3) the petitioner has timely asserted his rights mistakenly in the wrong forum; (4) the petitioner received inadequate notice of his right to file suit; (5) a motion for appointment of counsel is pending; or (6) the court has misled the petitioner into believing that he had done everything required of him. Id.

IV.     Conclusion

Based on the foregoing, I make the following:

## RECOMMENDATION

AND NOW, this   21st   day of February, 2012, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be DENIED.  There is no basis for the issuance of a certificate of appealabilty.

BY THE COURT:

/s/Jacob P. Hart
_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE